**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2348-WJM-NYW

IAN MULLIN,

    Plaintiff,

v.

HYATT RESIDENTIAL GROUP, INC., a Delaware corporation f/k/a HYATT VACATION OWNERSHIP, INC., and
HYATT RESIDENTIAL MARKETING CORPORATION, a Florida corporation,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF ERIN TOLL**

---

Plaintiff Ian Mullin brings this action against Defendants Hyatt Residential Group, Inc. and Hyatt Residential Marketing Corporation (together "Defendants") for wrongful discharge in violation of public policy. (ECF No. 22.) This matter is before the Court on Defendants' Motion *in Limine* to Exclude Testimony of Erin Toll ("Motion"). (ECF No. 54.) On March 6, 2015, Plaintiff filed its Response to the Motion, and Defendant has declined to file a Reply.[1] (ECF No. 58.) For the reasons set forth below, the Motion is granted in part and denied in part.

---

[1] This Court's practice standards distinguish between motions under Federal Rule of Civil Procedure 702, like the instant Motion, and motions *in limine* seeking other evidentiary rulings. Only the latter prohibits a Reply. *See* WJM Revised Practice Standards III.F.

1

## I. BACKGROUND

The Hyatt Grand Aspen ("HGA") is a luxury condominium resort owned by Grand Aspen Holdings, LLC, a four-member limited liability corporation ("the Ownership Group"). (ECF No. 27 at 3-4.) In 2004, Defendants contracted with the Ownership Group to act as its timeshare marketing and sales agent at HGA. (*Id*. at 4.) In June 2010, Plaintiff, a licensed Colorado real estate broker, was hired by Defendants to act as the director of sales and marketing for timeshares at HGA. (*Id*. at 3-4.) Plaintiff asserts that, as a licensed real estate broker, he had a statutory duty to ensure that all purchase offers were disclosed to the Ownership Group. (ECF No. 30 at 13.) However, Plaintiff eventually became aware that Defendants had not communicated every offer to the Ownership Group. (*Id*. at 14.) In response, Plaintiff disclosed some of the withheld purchase offers to the Ownership Group which allegedly resulted in his termination. (ECF No. 22.)

## II. DISCUSSION

A district court has "wide latitude . . . in exercising its discretion to admit or exclude expert testimony," and Federal Rule of Evidence 702 requires courts to act as gatekeepers to ensure the reliability and relevancy of such testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

In their Motion, Defendants seek to exclude the testimony of Plaintiff's expert, Erin Toll. (ECF No. 54.) Defendants argue that Ms. Toll's opinions are inadmissible legal conclusions that will not be helpful to the jury. (*Id*. at 5-7.) Defendants seek

exclusion of Ms. Toll's supplemental report on the alternative basis that Plaintiff failed to comply with the Scheduling Order in this matter. (*Id*. at 8.) The Court addresses each argument below.

### A. The Admissibility of Ms. Toll's Opinions

Defendants argue that the entirety of Ms. Toll's expert report consists of inadmissible legal arguments regarding the parties' compliance with Colorado law. (*Id*. at 2.) "[T]estimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). Thus, an expert witness may not attempt to "define the legal parameters within which the jury must exercise its fact-finding function" by opining as to ultimate legal issues. *Id*. at 809-10; *see also Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) (holding that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge"). Yet the line between permissible and impermissible expert testimony regarding the law is a narrow one. An expert may refer to the law in offering an opinion without that reference rendering the testimony inadmissible. *Specht*, 853 F.2d at 809.

The Court has reviewed Ms. Toll's report and agrees with Defendants that her opinions primarily reflect legal conclusions. (ECF No. 54-2.) The thrust of Ms. Toll's report is the following: (1) Colorado's brokerage statutes reflect important public policy goals; (2) Plaintiff was a transaction-broker as defined by Colorado law; (3) Plaintiff complied with his statutory duties as a transaction-broker; (4) Defendants instructed

Plaintiff to disregard the law governing brokers; (5) Defendants or their agents violated the law; and (6) Plaintiff was terminated for complying with the law. (*See generally id.*) The majority of Ms. Toll's opinions would improperly instruct the jury on the applicable law. However, excluding Ms. Toll's testimony entirely is too drastic a remedy; rather, the Court finds that any of her proposed testimony which impermissibly intrudes on the proper role of the jury can be cured by limiting Ms. Toll's testimony to her opinions as to those practices which are generally acceptable in the real estate industry.

By way of example only, the Court would permit Ms. Toll to testify that, under generally accepted real estate practices, Plaintiff's presentation of the allegedly withheld purchase offers to the Ownership Group was proper, and that Defendants' withholding of those offers was improper. Ms. Toll may also testify that Plaintiff would commonly be referred to as a transaction-broker in the real estate industry based on his role with Defendants, and that transaction-brokers are generally expected to comply with certain duties, including the duty to timely disclose all offers to the property owner. These opinions would fall within the ambit of acceptable expert testimony in this Circuit. *See Zuchel v. City and County of Denver, Colorado*, 997 F.2d 730, 742-43 (10th Cir. 1993) (holding testimony admissible where, in an excessive force trial, expert testified that the police officer's use of deadly force was inappropriate not based on state or constitutional law, but rather "based on [his] understanding of generally accepted police custom and practice in Colorado and throughout the United States").

Ms. Toll may not, however, opine that the parties' conduct was either lawful or unlawful, that Colorado law required the parties to take or refrain from taking any particular action, or that Plaintiff's status as a transaction-broker is statutorily derived.

4

Nor may Ms. Toll testify that the Colorado brokerage statutes are sufficient to form the basis of a claim for wrongful discharge in violation of public policy, which the Court has already addressed in its Order Denying Defendants' Motion for Summary Judgment. (ECF No. 60.)  Lastly, Ms. Toll may not testify as to why Plaintiff was terminated, or that Defendants had either implicitly or explicitly insisted that Plaintiff disregard his duties as a broker.  Such matters would be beyond Ms. Toll's personal or professional knowledge and experience.  *Kumho Tire*, 526 U.S. at 150 (noting that "the relevant reliability concerns [for expert testimony] may focus upon personal knowledge or experience").

This ruling is not intended to be an exhaustive list of all proper and improper testimony.  It should instead guide the parties as to the boundaries of Ms. Toll's opinions and how those opinions should be framed during trial.  Because the Court finds that careful compliance with this Order should cure any evidentiary defects in Ms. Toll's opinions, and that her opinions, properly expressed, will be helpful to the jury, it declines to strike Ms. Toll as a witness in this matter.

**B.  The Admissibility of Ms. Toll's Supplemental Report**

Defendants argue that Ms. Toll's June 6, 2014 supplemental report ("Report") (ECF No. 54-4) was not timely disclosed and should be excluded.  (ECF No. 54 at 8.)  United States Magistrate Judge Boyd N. Boland issued a Minute Order amending the Scheduling Order in this matter, which designated March 24, 2014 as the deadline for all initial expert designations and all disclosures under Federal Rule of Civil Procedure 26(a)(2), and April 23, 2014 as the deadline for all rebuttal expert designations and the disclosure of any remaining Rule 26(a)(2) information.  (ECF No. 26.)  The Report is thus untimely based on the clear terms of the Scheduling Order as amended.  Plaintiff

responds by arguing that Defendants delivered the report of their rebuttal expert on April 23, 2014, which referenced several previously undisclosed documents. (ECF No. 58 at 3-4.) Plaintiff then requested and received these documents on May 1, 2014, and gave notice to Defendants of his intent to supplement Ms. Toll's expert report. (*Id*. at 4.) Therefore, according to Plaintiff, the Report was a "supplement" under Federal Rule of Civil Procedure Rule 26(a)(2)(E), which renders it timely pursuant to the pre-trial disclosure deadlines. (*Id*.) The Court disagrees.

Rule 26(a)(2)(E) states that "the parties must supplement [expert] disclosures when required under Rule 26(e)." Rule 26(e)(1) provides that a party must supplement its response if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." With respect to expert witness reports, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Unless the court orders otherwise, those pretrial disclosures "must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

Judge Boland did not specify a deadline for Rule 26(a)(3) pretrial disclosures. (*See* ECF Nos. 17, 26, & 45.) Thus, since trial in this matter is set for June 8, 2015, Plaintiff's June 6, 2014 Report was timely disclosed if it was a "supplement" as described in Rule 26(e). The Court must therefore determine the definition of "supplement" under Rule 26(e), and whether the Report falls within that definition.

Expert reports must contain "a complete statement of *all opinions* the witness will express and the basis and reasons for them," and are required to be disclosed within

6

the time allotted by the Court. Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). While Rule 26(e) imposes a duty to supplement expert disclosures, it cannot be used to circumvent the Scheduling Order to file what is, essentially, a sur-rebuttal report. The Court agrees with the District of Kansas in its interpretation of the duty to supplement:

> Rule 26(e)(1) places a duty on parties to supplement information provided during discovery, *i.e., to correct misleading or false information*. It does not give them a right to disclose information in an untimely fashion. Rule 26 does not . . . bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied. . . .
>
> Supplementation under the Federal Rules of Civil Procedure means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the disclosure. Rebuttal evidence is evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party in its expert disclosures.

*Aid for Women v. Foulston*, 2005 WL 6964192, *3 (D. Kan. July 14, 2005) (internal quotation marks and citations omitted) (emphasis added). A side-by-side review of Ms. Toll's Report and Defendants' rebuttal expert's report indicates that the Report is not a true supplement, but rather a sur-rebuttal. Specifically, the Report is entirely directed at responding to Defendants' expert's assertion that Plaintiff was a seller's agent and not a transaction-broker. (*Compare* ECF No. 30-4, *with* ECF No. 54-4.) Because the Report does not serve to correct any inaccurate information or fill in the gaps of a previously incomplete report, it is not a true supplement under Rule 26(e).

The Court accordingly finds that the Report was untimely disclosed and thus the opinions therein are inadmissible. Plaintiff will, of course, have ample opportunity to cross-examine Defendants' expert during trial. But "the [C]ourt will not permit Plaintiff to disclose rebuttal expert disclosures responsive to Defendant[s'] rebuttal expert

7

disclosures.  The [C]ourt finds that Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures." *Rothenberg v. Standard Ins. Co.*, 2012 WL 2126846, *2 (D. Colo. June 12, 2012).[2]  Ms. Toll's June 6, 2014 Report is therefore stricken.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion *in Limine* to Exclude Testimony of Erin Toll (ECF No. 54) is GRANTED IN PART and DENIED IN PART;

2. Erin Toll may testify at trial as outlined in, and consistent with, this Order; and

3. Erin Toll's June 6, 2014 Report (ECF No. 54-4) is STRICKEN.

Dated this 27th day of March, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] The Court acknowledges that there is an exception for Rule 26(a) violations if the violation is harmless or justified.  Fed. R. Civ. P. 37(c)(1); *see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  However, Plaintiff fails to raise this argument or any other argument that the Report is admissible.  (ECF No. 58.)  Moreover, Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness *as required by Rule 26(a) or (e)*, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Here, the information at issue, a sur-rebuttal report, is not "required" to be disclosed by Rule 26(a) or (e), and the Court has in fact found that sur-rebuttals are impermissible under Rule 26.  The exception is therefore inapplicable here.